KELLY, J.
(dissenting). I agree with the majority that MCL 600.2948(2) imposes a duty to warn that extends only to material risks not obvious to a reasonably *527 prudent product user. I agree that the duty involves material risks that are not, or should not be, a matter of common knowledge to the person who was injured by the product. However, I disagree with the majority’s determination that the risk of ingesting or aspirating Wonder 8 Hair Oil is, as a matter of law, obvious to a reasonably prudent product user. Hence, the trial court’s grant of summary disposition to defendants should be reversed and the case remanded for further proceedings.
There is evidence that the plaintiff in this case was a reasonably prudent product user to whom the risk may not have been obvious. The Court of Appeals observed:
In her deposition, plaintiff testified that she always kept her nail care products, e.g., polish and acrylic, in a locked case because she knew that they could be harmful if swallowed. She stated that most of these products displayed a warning to that effect....
In an affidavit, plaintiff confirmed that she kept her nail care products in a locked case because of her knowledge that such products could be toxic. Additionally, she averred that. .. she stored all products that she knew to be toxic, such as bleach and ammonia, in a locked cabinet. Plaintiff asserted that, generally, it was her habit to read product labels because she had two small children. [Greene v A P Products, 264 Mich App 391, 396; 691 NW2d 38 (2004).]
Manufacturers and sellers must disclose safety-related information when they know or should know that the buyer or user is unaware of that information. Glittenberg v Doughboy Recreational Industries (On Rehearing), 441 Mich 379, 386; 491 NW2d 208 (1992). The Wonder 8 Hair Oil container did not bear any warning that it should be kept out of the reach of children or that it was toxic and potentially fatal, let alone harmful. It provided no information about how to respond to accidental ingestion or aspiration.
*528 Nonetheless the majority concludes that the statute imposes “no duty to warn beyond obvious material risks” or “to warn of a specific type of injury that could result from a risk.” Ante at 510. The majority acknowledges that the Court of Appeals “properly applied an objective standard in determining the suitability of the warning,” but goes on to fault that Court’s determination that it could not conclude that “ ‘as a matter of law, the risk of death from the ingestion of Wonder 8 Hair Oil would be obvious to a reasonably prudent product user and be a matter of common knowledge, especially considering the lack of any relevant warning.’ ” Ante at 510, quoting Greene at 401 (first emphasis added in the majority opinion).
No duty to warn exists where the consumer is in just as good a position as the manufacturer to gauge the dangers associated with the product. Glittenberg at 386. I do not believe that the consumer is in as good a position as the manufacturer to realize that Wonder 8 Hair Oil can cause death.
Plaintiff presented sufficient evidence to raise a question of material fact concerning whether the material risk of death from ingesting or aspirating Wonder 8 Hair Oil is open and obvious. Rather than allowing the jury to determine the adequacy of the general warning on the product, the majority makes the decision for itself. And it fails to consider the evidence in the light most favorable to the plaintiff, as it must. It concludes that there is no need for any warning whatsoever.
The majority dismisses the product label’s inclusion of “eight natural oils” and simply asserts that “ [i]t should be obvious to a reasonably prudent product user that many oils, although natural, pose a material risk if ingested or inhaled.” Ante at 512. It also concludes that, *529 “[g]iven such unfamiliar ingredients, a reasonably prudent product user would be, or should be, loath to ingest it.” Id.
I disagree. The vast majority of the ingredients listed on the label are seemingly edible food products. They include avocado oil, coconut oil, and wheat germ oil. Also, the label contains a number of safely ingestible herbs: rosemary, sage, angelica root, licorice root, Job’s tears, cedar, clove, lemon balm, and chamomile. In addition, the product label announces that it contains Vitamins E, A, and D. None of these ingredients alerts a reasonably prudent product user to the fatal result of ingesting them. On the contrary, they seem harmless and inviting.
I agree with the Court of Appeals that reasonable minds can differ on whether the danger presented by swallowing or inhaling Wonder 8 Hair Oil is open and obvious. As that Court concluded:
Whether plaintiff was aware of the specific danger of serious harm or death, i.e., knowledgeable of the true extent of the risk, remembering the lack of any warning and considering the listed ingredients, is a question for the jury to resolve, not a court as a matter of law, in light of the documentary evidence presented. [Greene at 404.]
CONCLUSION
Here, the majority improperly holds as a matter of law that Wonder 8 Hair Oil’s material fatal risk was open and obvious. It finds that all reasonable users of this product should be aware that swallowing or inhaling it can result in death. Like the Court of Appeals, I do not believe that is true. The question whether the material risk is open and obvious is for the jury to decide.
*530 I would reverse the trial court’s grant of summary disposition to defendants and remand the case to the trial court for further proceedings.